United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERDEEP INTERACTIVE LEARNING, LTD., an Irish Company; RIVERDEEP, INC., a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>  v.<br><br>MPS MULTIMEDIA, INC., a California Corporation; EDGAR CHEN; and SELECTSOFT PUBLISHING,<br><br>    Defendants.<br>_____/ | No. C 06-5597 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

Defendants MPS Multimedia, Inc., d/b/a Selectsoft Publishing (MPS), and Edward Chen (collectively, Defendants) move to dismiss this action, arguing that the Court lacks subject matter jurisdiction and that Plaintiffs Riverdeep Interactive Learning, Ltd. (RIL) and its United States affiliate Riverdeep, Inc. (collectively, Plaintiffs) fail to state a claim against Defendant Chen.  Alternatively, Defendants move for a more definite statement, contending that Plaintiffs' trademark infringement claim is vague and ambiguous.  Plaintiffs oppose the motion.  The matter

was heard on November 17, 2006.  Having considered the parties' papers and oral argument, the Court denies Defendants' motion to dismiss and its motion for a more definite statement.

## BACKGROUND

According to Plaintiffs' complaint, this action arises out of Defendant MPS' infringement of Plaintiffs' copyrights and trademarks and breach of a licensing agreement between Riverdeep and MPS.

Riverdeep is an educational software publisher.  It owns trademarks for most of the software titles covered by the above mentioned licensing agreement.  RIL, which owns the registered copyrights for the software licensed by Riverdeep to MPS under the agreement, granted Riverdeep license and sub-license rights in its software.

The licensing agreement permitted MPS to distribute software to the "Non-mainstream Retail Channel," which included independent retailers, but excluded "big box" stores and schools.  A subsequent amendment to the agreement prohibited MPS from selling software to any third party that would sell, market or distribute the software via the internet, unless that third party also operated a "brick and mortar" store.

Plaintiffs learned that, in spite of the amendment, MPS was selling to internet retailers, which did not operate brick and mortar locations and sold software exclusively on the internet. Plaintiffs contend that these retailers are outside the scope of MPS' allowed distribution channel and, therefore, sales to them are unlicensed and infringe upon Plaintiffs' copyrights and trademarks.

1    Riverdeep sought an audit of MPS' manufacturing and sales.
2 MPS refused access to its sale records.  Because MPS refused to
3 permit Riverdeep's accountants to conduct a full audit, Plaintiffs
4 assert that it is impossible to know the full extent of MPS'
5 infringement and breaches of contract.
6    When the dispute arose, Riverdeep terminated the licensing
7 agreement, which immediately terminated MPS' rights; MPS did not
8 have the right to sell any remaining inventory.  Nonetheless, MPS
9 continued to market, sell and distribute Riverdeep products over
10 the internet.
11    Plaintiffs filed this action.
12    Ten days later, they filed an application for a temporary
13 restraining order, seeking to enjoin Defendants' alleged ongoing
14 infringement of Plaintiffs' copyrights and trademarks through MPS'
15 marketing and sale of Plaintiffs' software without a license.  In
16 their opposition, Defendants argued that the Court lacked
17 jurisdiction because this is a contract dispute, governed by state
18 law, not a copyright dispute over which federal courts have
19 exclusive jurisdiction.  The Court denied Plaintiffs' application
20 for a temporary restraining order.  The Court found, in part, that
21 Plaintiffs had not shown a likelihood of success on the merits of
22 their argument that the Court had jurisdiction under the Copyright
23 Act and Lanham Act; Plaintiffs had only established that a serious
24 question regarding jurisdiction exists.  The Court noted that it
25 would again consider whether it has jurisdiction over this action
26 when it ruled on Defendants' motion to dismiss.

3

LEGAL STANDARD

I. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). In deciding a Rule 12(b)(1) motion, the court assumes the truth of the allegations in the complaint, unless controverted by undisputed facts in the record. Roberts, 812 F.2d at 1177.

Dismissal is appropriate under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as

1  true and construed in the light most favorable to the plaintiff.
2  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
3      A complaint must contain a "short and plain statement of the
4  claim showing that the pleader is entitled to relief."  Fed. R.
5  Civ. P. 8(a).  "Each averment of a pleading shall be simple,
6  concise, and direct.  No technical forms of pleading or motions are
7  required."  Fed. R. Civ. P. 8(e).  These rules "do not require a
8  claimant to set out in detail the facts upon which he bases his
9  claim.  To the contrary, all the Rules require is 'a short and
10 plain statement of the claim' that will give the defendant fair
11 notice of what the plaintiff's claim is and the grounds on which it
12 rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).
13 II.  Motion for More Definite Statement
14     In evaluating a motion under Rule 12(e), the proper test "is
15 whether the complaint provides the defendant with a sufficient
16 basis to frame his responsive pleadings."  Federal Sav. and Loan
17 Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988)
18 (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp.
19 940, 949 (E.D. Cal. 1981)).
20     "Motions for a more definite statement are viewed with
21 disfavor and are rarely granted because of the minimal pleading
22 requirements of the Federal Rules."  Sagan v. Apple Computer, Inc.,
23 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  "Rule 12(e) is designed
24 to correct only unintelligibility in a pleading not merely a
25 claimed lack of detail."  FRA S. p. A. v. Surg-O-Flex of America,
26 Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976).  The proper tool for
27 eliciting additional detail is discovery, not a Rule 12(e) motion.
28

5

1  Musacchio, 695 F. Supp at 1060 (citing Kuenzell v. United States,
2  20 F.R.D. 96, 98 (N.D. Cal. 1957)).
3      A Rule 12(e) motion may be granted, however, "where the
4  complaint is so general that ambiguity arises in determining the
5  nature of the claim or the parties against whom it is being made."
6  Sagan, 874 F. Supp. at 1077.

## DISCUSSION

8      Defendants argue that this a mere contract dispute between two
9  parties concerning the scope of a license and, therefore, this
10 Court lacks jurisdiction.  Defendants contend that, if the Court
11 finds that it has jurisdiction, the Court should dismiss
12 Plaintiffs' claims against Defendant Chen for failure to state a
13 claim and order Plaintiffs to provide a more definite statement of
14 their trademark infringement cause of action.
15 I.  Subject Matter Jurisdiction
16     In their complaint, Plaintiffs allege that this Court has
17 jurisdiction because this case arises under the Copyright Act and
18 the Lanham Act.  As noted above, Defendants argue that Plaintiffs'
19 trademark and copyrights claims are breach of contract claims in
20 disguise and, therefore, the Court lacks subject matter
21 jurisdiction over this contract dispute, which is governed by state
22 law.
23     Federal courts have exclusive jurisdiction over actions that
24 arise under the federal copyright laws and original jurisdiction
25 over actions that arise under the federal trademark law.  28 U.S.C.
26 § 1338.  Nonetheless, the Ninth Circuit instructs that a case does
27 not arise under the federal copyright and trademark laws merely

because the subject matter of the action involves or affects a copyright or trademark. Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983) ("the word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention") (citation omitted); Postal Instant Press v. Clark, 741 F.2d 256, 258 (9th Cir. 1984). Thus, district courts have "dismissed complaints in copyright cases that present only questions of contract law," as well as complaints in trademark cases that present only questions of contract law. Dolch v. United California Bank, 702 F.2d 178, 180 (9th Cir. 1983); Postal Instant Press, 741 F.2d at 258.

However, it is not always evident "whether a case involving interdependent copyright and contract claims 'arises under' the federal copyright laws for the purposes of 28 U.S.C. § 1338(a)"; indeed, this is one of the "'knottiest problems in copyright jurisprudence,'" Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 983 (9th Cir. 2003) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyrights § 12.01[A], at 12-14 (2003)); see also id. at 986 ("federal courts walk a fine line between usurping the power of state courts and providing redress for copyright infringement"). As explained in Scholastic, the Ninth Circuit follows the majority rule, outlined in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964), to determine whether copyright subject matter jurisdiction exists. In T.B. Harms, Judge Friendly stated that:

> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or asserts a claim requiring construction of the Act . . . or, at the very least and

7

1
2
> perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

3 T.B. Harms, 339 F.2d at 828.

4 The Ninth Circuit has also instructed that, to determine
5 whether a case arises under the copyright laws, the court should
6 focus on the nature of the principal claim asserted by the
7 plaintiff. Topolos, 698 F.2d at 994 ("Courts have directed inquiry
8 to what they have variously described as the 'primary and
9 controlling purpose' of the suit, the 'principal issue,' the
10 'fundamental controversy,' and the 'gist' or 'essence of the
11 plaintiff's claim") (citations omitted). See Fantasy v. Amerco,
12 Inc., 1999 WL 155696 (N.D. Cal. 1999) (noting both the T.B. Harms
13 and "primary issue" analyses).

14 Plaintiffs focus on the T.B. Harms analysis. They cite
15 Vestron Inc. v. Home Box Office, Inc., 839 F.2d 1380 (9th Cir.
16 1988), where, relying on T.B. Harms, the Ninth Circuit determined
17 that the district court had jurisdiction because the plaintiff's
18 complaint made out an infringement claim and sought remedies
19 expressly created by federal copyright law. 839 F.3d at 1381-82.
20 Here, the complaint also makes an infringement claim by Plaintiff
21 RIL against Defendants MPS and Chen. RIL seeks damages "in an
22 amount to be determined at trial, including statutory damages
23 against MPS and Chen for their knowing and willful infringement of
24 RIL's copyrights." Complaint, ¶ 29. Because, on the face of their
25 complaint, Plaintiffs assert infringement and request remedies
26 provided by the Copyright Act, Plaintiffs contend that the Court
27 has jurisdiction. Id. at 1382 ("Where there is a fatal flaw on the

28

face of a complaint that purports to assert an infringement action, the suit should be dismissed for lack of subject matter jurisdiction. If no such flaw appears, the federal courts have jurisdiction.").

Defendants respond that it is not enough that the complaint seeks a remedy expressly granted by the Copyright Act or alleges a copyright infringement claim. They argue that the copyright remedy must also be a principal issue in the case and here it is not; the principal issue of this case is one of contract. Topolos supports this argument, but Vestron does not. See Topolos, 698 F.2d at 993 (describing both the T.B. Harms analysis and the "primary issue" analysis). In Vestron, the Ninth Circuit explained that the T.B. Harms "test sets forth three independent grounds for sustaining federal jurisdiction in copyright cases. If any of these three grounds is satisfied, the federal courts have jurisdiction." 839 F.2d at 1381.

Defendants do not deny that the first ground set forth in T.B. Harms is satisfied. Rather, they argue that Vestron is out-of-date. But that argument is unpersuasive, especially in that they rely on Topolos, which was decided five years before Vestron.

Because there is no "fatal flaw" on the face of the complaint, which asserts a claim for infringement, the Court has jurisdiction and, therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied. See Vestron, 839 F.2d at 1382. Acknowledging that "the results are similar," the Ninth Circuit instructs, "If an action survives this scrutiny and affidavits or other materials reveal the infringement claim to be spurious, then

9

1 the proper avenue is dismissal for failure to state a claim under
2 federal copyright law." Id.
3 II.  Claims Against Defendant Chen
4      As noted above, Defendants argue that the Court should dismiss
5 Plaintiffs' claims against Defendant Chen, contending that
6 Plaintiffs have failed to state a claim against him.  Defendants
7 note that Plaintiffs' allegations concerning Defendant Chen's
8 misconduct are confined to a single paragraph: "Chen, as MPS'
9 President and CEO, directs, controls and ratifies the actions of
10 MPS including the unlicensed and unauthorized replication and
11 distribution of Riverdeep software."  Complaint, ¶ 27.  Defendants
12 argue that a corporate officer cannot be held liable for actions of
13 the corporation in which the officer did not personally
14 participate, of which the officer has no knowledge or to which the
15 officer has not consented and, therefore, the Court should dismiss
16 the copyright infringement claim against Defendant Chen.
17      Plaintiffs respond that corporate officers "are personally
18 liable for the corporation's copyright and trademark infringements
19 when they are a 'moving, active conscious force' behind the
20 corporation's infringement."  Novell, Inc. v. Unicom Sales, Inc.,
21 2004 WL 1839117, *17 (N.D. Cal. 2004).  Defendants do not address
22 Novell in their reply.  The Court finds that Plaintiffs have
23 alleged sufficient facts to state a claim against Defendant Chen.
24 Therefore, the Court denies Defendants' motion to dismiss the claim
25 against Defendant Chen.
26 III.  More Definite Statement
27      Defendants contend that, if the Court does not dismiss
28

10

Plaintiffs' complaint, the Court should require Plaintiffs to identify the specific trademarks that they believe have been infringed and the specific section of the Lanham Act that they believe Defendants have violated.  Plaintiffs respond that their trademark claim meets notice pleading standards.  As Defendants note, the complaints at issue in the cases Plaintiffs cite identified the allegedly infringed trademarks and the specific sections of the Lanham Act at issue.  See, e.g., Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1122 (C.D. Cal. 2001).  Nonetheless, Plaintiffs' complaint is not so vague as to fail to provide Defendants with a sufficient basis to frame their responsive pleadings.  Federal Sav. and Loan Ins. Corp., 695 F. Supp. at 1060.  Plaintiffs' trademark infringement claim, while lacking in detail, is not unintelligible.  And the specific trademarks and sections of the Lanham Act issue can easily be ascertained through discovery.

Therefore, Defendants' motion for a more definite statement is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and, in the alternative, for more definite statement (Docket No. 34) is DENIED.

IT IS SO ORDERED.

Dated:  12/22/06

CLAUDIA WILKEN
United States District Judge

11